

# The Attorney General of Texas

June 9, 1981

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Don R. Stiles
Executive Director
Texas Adult Probation Commission
P. O. Box 12427
812 San Antonio, Suite 400
Austin, Texas 78711

Opinion No. MW-355

Re: Term of office of members of
Texas Adult Probation Commission

Dear Mr. Stiles:

Senate Bill No. 39, which became law in 1977, created the Texas Adult Probation Commission. Acts 1977, 65th Leg., ch. 343, §1, at 910. See Code Crim. Proc. art. 42.121. Section 2.02 of article 42.121 provides that:

> The commission shall consist of three judges of the district courts of Texas and two citizens of Texas who are not employed in the criminal justice system to be appointed by the Chief Justice of the Supreme Court of Texas and three judges of the district courts of Texas and one citizen of Texas not employed in the criminal justice system to be appointed by the presiding judge of the Texas Court of Criminal Appeals.

Section 2.03 provides that:

> (a) The first members appointed to the Board shall serve terms of two, four, and six years respectively, and until their successors are appointed. Thereafter each member shall serve for six years.
>
> (b) The appointing authority shall draw lots to determine which members serve two, four, and six-year terms.

The first meeting of the commission was called in September, 1977, as required by section 2.06(a).

You have requested our opinion regarding these questions:

     1. When do the terms of the first and succeeding commission members begin and end?

     2. Do the succeeding members of the commission serve until their successors are appointed?

Section 2 of Senate Bill No. 39 amended article 42.12 of the Code of Criminal Procedure. Section 3 of the bill provided that:

> Section 4.05 of Article 42.121, Code of Criminal Procedure, 1965, as amended, and Section 2 of this Act take effect on September 1, 1978.

Thus, section 4.05 of article 42.121 and the amendments to section 10 of article 42.12 took effect on September 1, 1978. The remaining sections of article 42.121, including sections 2.02 and 2.03, took effect on June 10, 1977, the effective date of the act.

In Attorney General Opinion M-338 (1969), this office observed that authorities have generally held that, in determining the commencement date of the term of office of a member of a commission created by a statute, when the statute is silent as to said date, two dates are to be considered: the date of first appointment to the office, and the effective date of the statute creating the office. See also Attorney General Opinion O-3584 (1941). The opinion cited cases holding that when the duration of a term of office is subject to doubt, the interpretation which would limit such term to the shortest time should be followed. It then stated that:

> [I]t would appear that a. . . commission. . . created by a. . . statutory enactment. . . would come into existence on the effective date of the. . . enactment. . . [I]t would likewise seem to follow that any appointive positions upon a. . . commission. . . would come into existence on the effective date of the. . . enactment. . . unless otherwise provided. While there may be vacancies existing in positions on the. . . commissions. . . if the appointing power does not make the appointments on the effective date of enactment or provision creating the position, this would not of itself seem to affect the time at which the term of office commenced. . .

After reviewing prior Attorney General Opinions and cases which reached conflicting conclusions regarding the question of whether the date of first appointment or the effective date of an enactment is controlling, the opinion concluded that:

(1)    In situations where the enactment creating boards, agencies, commissions and committees provides for a multi-member board with staggered terms of office, it appears that the legislature, in the absence of anything to the contrary, intended that the commencement date of the term of office of

such appointive positions will be the effective date of the enactment creating such position. This was so held in Attorney General's Opinion No. M-296 (1968) and that Opinion is reaffirmed in this connection.

Prior Attorney General Opinions in conflict with this holding were overruled. See also Attorney General Opinion H-955 (1977). Compare Spears v. Davis, 398 S.W. 2d 921 (Tex. 1966). (Case discussed and distinguished in Attorney General Opinion N-338).

The Texas Adult Probation Commission is governed by a multi-membered board with staggered terms of office. Accordingly, absent any indication that the legislature intended otherwise, we conclude that the commencement date of the terms of office of the initial appointees to the commission was June 10, 1977.

Your first and second questions also refer to the terms of office of succeeding appointees. The answer to the question of when their terms commence depends upon the effect of that portion of section 2.03 in article 42.121 which states,"The first members appointed. . . shall serve. . . until their successors are appointed. Thereafter each member shall serve for six years." (Emphasis added). We must determine whether the legislature intended for the underlined language to apply only to the first appointees.

We answer this question in the negative. We believe that the legislature intended that each appointee to the commission would serve until his successor was appointed, even though such appointment might not have been made by the time that the successor's term of office commences. In this connection, we refer to the following statement in Attorney General Opinion M-338, which was taken from 67 C.J.S. Officers section 50:

> 'Since the term of an office is distinct from the tenure of an officer, "the term of office" is not affected by the holding over of an incumbent beyond the expiration of the term for which he was appointed; and a holding over does not change the length of the term, but merely shortens the term of his successor.'

See also Spears v. Davis, 398 S.W. 2d 921 (Tex. 1966). Based upon this quotation, Attorney General Opinion M-338 concluded that:

> The fact that an appointment was not made on the commencement date of the term of office would not change the length of the term, but it would merely shorten the length of time that the individual so appointed could serve in the position.

In light of the foregoing discussion, we conclude that the terms of office of the first appointees to the Texas Adult Probation Commission commenced on June 10, 1977.

The terms of office of the next succeeding commission members commenced, or will commence, two, four, and six years after that date, and will extend for six years. Both initial and succeeding appointees serve until their successors are appointed.

### SUMMARY

Under article 42.121, Code of Criminal Procedure, the terms of office of the initial appointees to the Texas Adult Probation Commission commenced on June 10, 1977. The terms of office of the next succeeding appointees commenced, or will commence, two, four, and six years after that date, and extend for six years. Both initial and succeeding appointees serve until their successors are appointed.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Barton Boling
Bruce Youngblood